UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

CASE NO. 3:17-bk-03666-PMG

DERICK R. EDGE
and AMY K. EDGE,

Debtors.

_____

**DEBTORS' OBJECTION TO PROOF OF CLAIM NUMBER SEVEN
FILED BY DISCOVER BANK
<u>TOGETHER WITH AFFIDAVIT IN SUPPORT OF OBJECTION</u>**

**NOTICE OF OPPORTUNITY TO
<u>OBJECT AND FOR HEARING</u>**

Pursuant to M.D. Fla. L. B. R. 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within <u>30</u> days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.  If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at United States Bankruptcy Court, 300 North Hogan Street, 3-150, Jacksonville, Florida   32202-4267, and serve a copy on the movant's attorney, Anthony W. Chauncey, Esquire, Post Office Box 548, Live Oak, Florida 32064, and Douglas W. Neway, Esquire, Post Office Box 4308, Jacksonville, Florida 32201, and any other appropriate persons within the time allowed.

**If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.  If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

1

The Debtors, Derick R. Edge and Amy K. Edge, through the undersigned counsel, serve this Objection to Proof of Claim Number 7 filed by the Claimant, Discover Bank,  and assert as follows:

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      Rule 3001(f), F.R.B.P., provides that a proof of claim completed and filed in accordance with 11 U.S.C. § 501 and any applicable Bankruptcy Rules constitutes prima facie evidence of the validity and amount of the claim. Thus, if a procedurally proper claim is filed, the objecting party carries the burden of going forward with evidence contesting the validity or amount of the claim. In re Weber, 16 Mont. B.R. 49, 56 (Bankr. D. Mont. 1997); Wright v. Holm (In re Holm), 931 F.2d 620, 623 (9th Cir. 1991). However, once the objecting party succeeds in overcoming the prima facie effect given to the claim by Rule 3001(f), the burden shifts to the claimants to prove the validity of their claims by a preponderance of the evidence. In re Allegheny Int'l, Inc. 954 F.2d 167, 173-74 (3rd Cir. 1992).

3.      To file a proof of claim, a claimant must be a "creditor or the creditor's authorized agent." Rule 3001(b), Federal Rules of Bankruptcy Procedure . A "creditor" is "an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A).   Rule 3001, Federal Rules of Bankruptcy Procedure, also requires a claimant to attach supporting documentation to a proof of claim.

4.      The range of documentation required by courts to be attached to proofs of claim to support the assignment of a credit card debt varies from summaries of the amount of debt owed, to a signed copy of a written assignment specifically referring to the debtor's account from the original

2

holder of the debt to the purported assignee. E.g., <u>In re Kendall</u>, 380 B.R. 37, 47 n.10 (Bankr. N.D. Okla. 2007); <u>In re Porter</u>, 374 B.R. 471, 481 (Bankr. D. Conn. 2007); <u>In re Hughes</u>, 313 B.R. 205, 212 (Bankr. E.D. Mich. 2004). Some courts specify what documents are to be attached; other courts merely require that creditors submit some documentation to prove they are the owner of a debt. <u>In re Kincaid</u>, 388 B.R. 610, 616 (Bankr. E.D. Pa. 2008) ("By demanding the identification of the owner of a claim to ensure that Debtor has an obligation to pay that creditor and, in exchange, will receive a discharge of its debt, Debtor is not seeking to challenge the transfer but merely to confirm that one has taken place.") (internal citations omitted).

5.    Courts taking a stricter approach require the claimant to attach a signed copy of an assignment to the proof of claim in order to constitute evidence of the validity and the amount of the claim. See, e.g. <u>In re Hughes</u>, 313 B.R. at 212.

6.    Pursuant to Rule 3001(c)(1), Federal Rules of Bankruptcy Procedure, "when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing <u>shall</u> be filed with the proof of claim." The Claimant has failed to attach various alleged contracts, accounts and documents upon which its Proof of Claim may be brought or defense made, or a copy thereof or a copy of the portions thereof material to the pleadings, including, but not limited to:

        a.    Copies of all alleged assignment documents, including all assignment documents referenced in the various assignment documents that must be attached as Exhibits to the Proof of Claim; and

        b.    A copy of the itemized account statement showing items, time of accrual of each, and amount of each, as required to establish a liquidated account stated,

rather than merely selected statement(s) starting with a lump sum balance forward only.

7.      Based on the foregoing, this Claim should be disallowed.

WHEREFORE, the Debtors, Derick R. Edge and Amy K. Edge, request this Court to enter an Order sustaining its Objection to the Proof of Claim filed by the aforesaid Creditor on the grounds set forth above.

Date: April 12, 2018                    THE CHAUNCEY LAW FIRM, P. A.

BY_____/s/ Anthony W. Chauncey_____
Anthony W. Chauncey, Esquire
Florida Bar No. 75023
320 White Avenue - Street Address
Post Office Box 548 - Mailing Address
Live Oak, Florida 32064
Telephone:          (386) 364-4445
Telecopier:         (386) 364-4508
Email: awc@chaunceylaw.com
Attorneys for Debtors

## AFFIDAVIT IN SUPPORT OF OBJECTION

Date: April 12th, 2018

_Derick R. Edge_
Derick R. Edge
Affiant-Debtor

_Amy K. Edge_
Amy K. Edge
Affiant-Debtor

**STATE OF FLORIDA**
**COUNTY OF SUWANNEE**

      **BEFORE ME,** the undersigned authority, personally appeared  Derick R. Edge and Amy K. Edge, who upon being first duly sworn state that they have read the foregoing Objection to Claim and that the statements contained therein are true and correct.

Sworn to and subscribed before me
on this 12th day of April, 2018.

Type Name: Sabrina Cherry

Notary Public, State of Florida
COMMISSION EXPIRY/NUMBER:

NOTARY PUBLIC
STATE OF FLORIDA
**SABRINA CHERRY**
MY COMMISSION #FF155858
EXPIRES September 1, 2018
(407) 398-0153    FloridaNotaryService.com

5

## CERTIFICATE OF SERVICE

**I CERTIFY** that a true and correct copy of the foregoing was furnished by electronic notification through the Court's ECF Notification System and by United States Mail, postage prepaid and first class, to Douglas W. Neway, Esquire, Chapter 13 Trustee, Post Office Box 4308, Jacksonville, Florida 32201; and first class, certified mail in accordance with Rule 7004(h), Federal Rules of Bankruptcy Procedure to Lisa Shaffer, Authorized Agent, Discover Bank, Post Office Box 3025, New Albany, OH 43054-3025 on this 12th day of April, 2018.

THE CHAUNCEY LAW FIRM, P. A.

BY_____/s/ Anthony W. Chauncey_____
Anthony W. Chauncey, Esquire
Florida Bar No. 75023
320 White Avenue - Street Address
Post Office Box 548 - Mailing Address
Live Oak, Florida 32064
Telephone:          (386) 364-4445
Telecopier:          (386) 364-4508
Email: awc@chaunceylaw.com
Attorneys for Debtors

6