ORDERED.

**Dated:  June 18, 2018**

Paul M. Glenn
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In Re: | Case No: 3:17-bk-03666-PMG |
| DERICK R. EDGE and | Chapter 13 |
| AMY K. EDGE | |
| Debtors[1] | |

_____/

## ORDER CONFIRMING PLAN

THIS CASE came on for a hearing on June 05, 2018 following the transmittal of Debtor's

Chapter 13 plan (the "Plan," Docket No. 27 reference to which shall include any subsequent

amendment made by prior order, in open court during the hearing, or in this Order) to all parties

in interest. Any amendment to the Plan made by Debtor or the Chapter 13 Trustee at

confirmation has been incorporated herein. The Court finds that the Plan complies with the

provisions of Chapter 13 of the Bankruptcy Code[2] and with other applicable provisions of the

Code.

_____

1 All references to "Debtor" shall include and refer to both of Debtors in a case filed jointly by two individuals.
2 All statutory references are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise noted. References to rules are to the Federal Rules of Bankruptcy Procedure.

DERICK R. EDGE and                                          Case No: 3:17-bk-03666-PMG
AMY K. EDGE

Accordingly, it is hereby

**ORDERED:**

1. The Plan as amended is confirmed as set forth herein. If there is a discrepancy between the provisions of the Plan and this Order, the provisions of this Order supersede the Plan.

2. Payments by Debtor as set forth in the attached Exhibit "A," incorporated herein by reference, shall be made each month by Trustee-approved electronic transfer, money order or cashier's check for 36 consecutive months commencing on November 17, 2017 to the Chapter 13 Standing Trustee, DOUGLAS W. NEWAY,  P.O. Box 2079, Memphis, TN 38101-2079. Nevertheless, if Trustee has insufficient monies to make distribution pursuant to this Order, or any other Court order, the payments may be adjusted during the life of the Plan without further order of this Court.

3. Debtor is prohibited from incurring any non-ordinary course post-confirmation debt during the term of this Plan without prior approval of the Court or the Trustee.

4. All claims, including Debtor's attorney's fees, are allowed or disallowed as set forth in Exhibit "A" attached hereto and by reference made a part hereof. Any party in interest may, within 21 days of the date of this Order, request the Court to examine the fees to be paid to Debtor's attorney.

5. The Trustee will collect from each payment received his/her percentage fee, which percentage fee is fixed periodically by the United States Trustee. If the Trustee's actual fee is less than provided for in the Plan, any unused portion of the fee may be used to fund the Plan or to increase the distribution to unsecured creditors.

2

DERICK R. EDGE and                                          Case No: 3:17-bk-03666-PMG
AMY K. EDGE

6. Distributions by the Trustee may commence and continue on a monthly basis to pay allowed claims as set forth on attached Exhibit "A" or as subsequently provided for in an amended Exhibit "A" or Court order. The Trustee is authorized to disburse partial payments based on the availability of funds. The Trustee may distribute partial Plan payments to creditors in their order of priority based upon the availability of funds.

7. The procedure for treatment of mortgage payment changes and escrow account adjustments during the life of the Plan shall be governed by Rule 3002.1(b).

8. If a Notice of Payment Change is filed and served, the Trustee may take the following action:

(a) If the new payment is *less* than the current payment, the Trustee may reduce the payment to the creditor in accordance with the notice and apply the difference to increase the distribution to unsecured creditors; or

(b) If the new payment is *greater* than the current payment, the Trustee may compute the additional sum Debtor must pay and notify Debtor and Debtor's attorney of the new monthly payment amount. The payment to the creditor will be adjusted accordingly.

The foregoing provisions are, in effect, a modification to the Plan, which is deemed requested by the Trustee as provided in Section 1329. Notice and hearing are waived inasmuch as no creditor will be adversely affected by such change.

9. Provisions for both prepetition and postpetition arrearages, if any, on allowed secured claims are included in the Plan. After the completion of all payments under the Plan and the entry of a discharge of Debtor, the delinquencies on mortgages and security interests related to such

3

DERICK R. EDGE and                                  Case No: 3:17-bk-03666-PMG
AMY K. EDGE

claims will be deemed cured and their contractual maturities reinstated. Any postpetition costs or

expenses incurred by or on behalf of any secured creditor will be discharged upon the completion

of the Plan, unless specifically provided for in this Order, or allowed pursuant a notice provided

under Rule 3002.1(c) before the completion of Plan payments.

10. The automatic stay was terminated *in rem* as to Debtor and *in rem* and *in personam* as to

any codebtor as to any secured creditor or lessor for which the Plan provided (a) for the surrender

of collateral or leased property to the secured creditor or lessor, or (b) for Debtor to make

payments directly to the secured creditor or lessor, (c) that Debtor does not intend to make

payments while preserving state law contract rights and defenses, or (d) for which no provision

was made in the Plan. The automatic stay is hereby terminated *in rem* as to Debtor and *in rem*

and *in personam* as to any codebtor as to any secured creditor or lessor not provided for in this

Order.

11. The holders of allowed secured claims provided for in the Plan shall retain the lien

securing such claim until the earlier of the payment of the underlying debt determined under

non-bankruptcy law or discharge under Section 1328. If the case is dismissed or converted

without completion of the Plan, such lien shall also be retained by such holder to the extent

recognized by applicable non-bankruptcy law.

12. If the bar date to file proofs of claim has not yet expired, Debtor shall have 28 days

following the expiration of the claims bar date to object to any filed claim which has not already

been provided for in this Order.

13. Any claim or amended claim filed after the claims bar date, other than a claim filed by

4

DERICK R. EDGE and                                          Case No: 3:17-bk-03666-PMG
AMY K. EDGE

Debtor or the Trustee under Rule 3004, unless provided for in Exhibit "A" of this Order or

subsequent modification shall be disallowed and receive no distribution unless an order is

entered allowing such untimely filed claim.

14. If any timely filed claim is not already provided for in this Order, Debtor (through

counsel, if any) shall timely file an appropriate motion to modify the confirmed Plan and any

objection to claims or motions to value claims. The Trustee shall review the claims register after

all bar dates have passed and may file a motion to dismiss if Debtor fails to timely take

appropriate action to address all filed claims.

15. The Trustee shall hold all funds payable to general unsecured creditors for at least 30 days

after the bar date for filing claims has passed, and the Trustee may continue to hold all such

funds until all objections to claims have been resolved.

16. If Debtor files a notice of conversion of this case to a Chapter 7 or the Court orders the

conversion of this case to a Chapter 11 or the dismissal of this case, any undistributed funds in

the Trustee's possession on the date of conversion or dismissal shall be payable to Debtor and, if

Debtor is represented by counsel, mailed to Debtor in care of Debtor's attorney.

17. Unless otherwise provided for in this Order or any other order of this Court, Debtor is

responsible for paying all postpetition ongoing homeowners' assessments, homeowners' dues,

and/or property taxes that are related to real property being retained by Debtor under the Plan,

and the automatic stay shall not apply to these postpetition claims.

18. Debtor is responsible for paying any domestic support obligation that first becomes

payable after the petition date.

5

DERICK R. EDGE and                                      Case No: 3:17-bk-03666-PMG
AMY K. EDGE

19. Any objections to confirmation of the Plan are deemed withdrawn and/or overruled by entry of this Order.

20. Upon completion of all payments under the Plan, Debtor shall promptly file a declaration under penalty of perjury or affidavit that (a) lists all domestic support obligations and whether such obligations are current or file a certificate stating that Debtor is not required to pay a domestic support obligation and (b) states that § 522(q)(l) is not applicable and that no proceeding is pending in which Debtor could be found guilty of an offense listed in § 522(q)(l) or liable for a debt of the kind listed in § 522(q)(1)(B).

21. Debtor shall complete a required personal financial management course and file a certificate that such course has been completed within 90 days of the entry of this Order.

22. The entry of a discharge shall be withheld until Debtor complies with Paragraphs 20 and 21.

23. This case is not subject to the provisions of § 521(i)(l).

24. During the pendency of the Chapter 13 case, Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall, within 14 days of filing the return, provide the Trustee with a complete copy of the tax return, including business returns if Debtor owns a business, together with all relatedW-2s and Form 1099s.

25. Unless otherwise consented to by the Trustee or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments for distribution to allowed

6

DERICK R. EDGE and                                    Case No: 3:17-bk-03666-PMG
AMY K. EDGE

general unsecured creditors. Debtor shall not instruct the Internal Revenue Service or other

taxing agency to apply a refund to the following year's tax liability. **Debtor shall not spend any**

**tax refund without first having obtained the Trustee's consent or court approval.**

26. Any discharge entered in this case shall not discharge Debtor's liability on a federally

guaranteed student loan unless the Court specifically finds that repayment of the debt would

cause an undue hardship to Debtor or Debtor's dependents pursuant to § 523(a)(8).

27. To the extent this Order contains any modified term or condition that was not timely

noticed to the parties, any party may seek reconsideration of this Order within 14 days of its entry

by separate motion.

28. Debtor is under a continuing duty to disclose any changes in financial circumstances and

new assets or potential rights to assets that Debtor acquires post-petition by promptly filing

amended schedules with the Court. Any failure to disclose changes in financial circumstances or

assets by the filing of amended schedules may result in dismissal of the case and/or denial of

Debtor's discharge.

29. If a claim is withdrawn by a creditor or the creditor files a satisfaction of the debt or

claim, the Trustee, in his/her discretion may elect to seek recovery of funds already disbursed or

to take no action at all regarding funds already disbursed to that creditor. The Trustee may also

discontinue any further disbursements if a claim is withdrawn by a creditor. Any disbursements

made under this Order on account of a claim that is subsequently withdrawn or for which the

Trustee receives a satisfaction of claim are deemed authorized disbursements and the Trustee

shall have no liability therefor.

7

DERICK R. EDGE and                                   Case No: 3:17-bk-03666-PMG
AMY K. EDGE

30. This Order Confirming the Chapter 13 Plan incorporates into its terms those non-standard

provisions found in "E. Nonstandard Provisions" as applicable.

Copies to all interested parties

    DOUGLAS W. NEWAY, Chapter 13 Trustee is directed to serve a copy of this order on
interested parties and file a proof of service within 3 days of entry of the order.

8

DERICK R. EDGE and                                                        Case No: 3:17-bk-03666-PMG
AMY K. EDGE

## APPENDIX

### State Taxes

### Sales Taxes and Unemployment Taxes.

**Mail reports and payments to:**

State of Florida - Department of Revenue
Office of General Counsel/Bankruptcy Section
P.O. Box 6668
Tallahassee, FL 32314-6668

### Federal Taxes

**Federal tax deposits of social security taxes (employer and employee shares) and withholding taxes are to be made within three banking days after each payroll is made. Deposits are to be made in a Federal Reserve Bank or a commercial bank authorized to accept federal tax deposits. Deposits are to be made by cashier's or certified check and be accompanied by Form 8109, Federal Tax Deposit Withheld Income and FICA Taxes. If Form 8109 is not available, deposits are to be mailed within the time prescribed or deposits to the address indicated below. If you pay amounts with Form 941 that should have been deposited, you may be subject to penalty. See Deposit Penalties in Section 11 of Pub. 15 (Circular E).**

**Mail original returns prepetition (prior to confirmation) to the appropriate district office listed below according to the county listed in the bankruptcy petition as Debtor's residence or place of operating business.**

**If any taxes are due on the prepetition returns, they should be included in the Plan (paid through the Trustee) and the IRS should be noticed at the Philadelphia address regarding the bankruptcy**

Jacksonville District                             Ft. Lauderdale District
Internal Revenue Service                          Internal Revenue Service
**Attn: Insolvency, Stop 5720**                   **Attn: Insolvency, Stop 5730**
400 W. Bay Street, Suite 35045                    P.O. Box 17167
Jacksonville, FL 32202                            Ft. Lauderdale, FL 33318

**Mailing of original returns postpetition (after confirmation) and/or payments for those returns should be sent to the regularly scheduled address as listed by the IRS on your filing information.**

9

# EXHIBIT A
## CASE NO: 3:17-bk-03666-PMG
## DERICK R. EDGE and AMY K. EDGE
## Chapter 13

| Claim No. | Creditor | Claim Type | Claim Amount | Amount Allowed | Monthly Payment | Mth |
|---|---|---|---|---|---|---|
| | TRUSTEE EXPENSES | Priority | As set by U.S. Trustee | | | |
| | THE CHAUNCEY LAW FIRM PA | Priority | $2,000.00 | $2,000.00 | $100.00 $0.00 | 1 - 20 21 - 36 |
| | *Claim Notes:  No claim filed.* | | | | | |
| 01 | FIRST NATIONAL BANK OF OMAHA | Unsecured | $18,763.47 | $0.00 | $0.00 | |
| | *Claim Notes:  Claim Disallowed.* | | | | | |
| 02 | VYSTAR CREDIT UNION | Unsecured | $2,117.59 | $0.00 | $0.00 | |
| | *Claim Notes:  Claim Disallowed.* | | | | | |
| 03 | CITIZENS BANK NA | Secured | $22,691.65 | $0.00 | $0.00 | |
| | *Claim Notes:  Collateral Surrendered. Non-Filing Cosigner To Make Regular Monthly Payment.* | | | | | |
| 04 | VYSTAR CREDIT UNION | Unsecured | $12,297.61 | $0.00 | $0.00 | |
| | *Claim Notes:  Claim Disallowed.* | | | | | |
| 05 | INTERNAL REVENUE SERVICE | Priority | $0.00 | $0.00 | $0.00 | |
| 06 | COLUMBIA COUNTY TAX COLLECTOR | Secured | $1,046.60 | $0.00 | $0.00 | |
| | *Claim Notes:  Claim Withdrawn.* | | | | | |
| 07 | DISCOVER BANK | Unsecured | $16,282.89 | $0.00 | $0.00 | |
| | *Claim Notes:  Claim Disallowed.* | | | | | |
| 08 | MOFFITT CANCER CENTER | Unsecured | $150.00 | $150.00 | ProRata | |
| 09 | TD RETAIL CARD SERVICES | Unsecured | $1,159.69 | $0.00 | $0.00 | |
| | *Claim Notes:  Claim Disallowed.* | | | | | |
| 10 | PORTFOLIO RECOVERY ASSOCIATES LLC | Unsecured | $1,455.24 | $0.00 | $0.00 | |
| | *Claim Notes:  Claim Disallowed.* | | | | | |
| 11 | QUANTUM3 GROUP LLC | Unsecured | $2,954.36 | $0.00 | $0.00 | |
| | *Claim Notes:  Claim Disallowed.* | | | | | |
| 12 | QUANTUM3 GROUP LLC | Unsecured | $1,797.34 | $0.00 | $0.00 | |
| | *Claim Notes:  Claim Disallowed.* | | | | | |
| 13 | QUANTUM3 GROUP LLC | Unsecured | $5,991.56 | $0.00 | $0.00 | |
| | *Claim Notes:  Claim Disallowed.* | | | | | |
| 14 | LVNV FUNDING LLC | Unsecured | $2,713.60 | $0.00 | $0.00 | |
| | *Claim Notes:  Claim Disallowed.* | | | | | |
| 15 | TLGFY LLC | Secured | $796.30 | $859.32 | $23.87 | 1 - 36 |

**EXHIBIT A**
**CASE NO: 3:17-bk-03666-PMG**
**DERICK R. EDGE and AMY K. EDGE**
**Chapter 13**

| Claim No. | Creditor | Claim Type | Claim Amount | Amount Allowed | Monthly Payment | Mth |
|---|---|---|---|---|---|---|
| 16 | CAVALRY SPV I LLC | Secured | $3,842.34 | $0.00 | $0.00 | |
| | **Claim Notes:** *Collateral Surrendered.* | | | | | |
| 17 | STATE OF FLORIDA - CHILD SUPPORT ENFORCEMENT | Priority | $8,800.00 | $8,800.00 | $0.00 | 1 - 6 |
| | | | | | $293.33 | 7 - 35 |
| | | | | | $293.43 | 36 - 36 |

**Debtor Payment Schedule**

| StartDate | Number of Months | PaymentAmount |
|---|---|---|
| November 17, 2017 | 1 - 6 | $275.00 |
| May 17, 2018 | 7 - 36 | $525.00 |

Copies to:
Debtors
Anthony W Chauncey Esquire
Douglas W. Neway, Trustee
All Interested Parties